

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SAYED MOHAMMAD SAMIM DEHQAN,

Petitioner,

v.

CHRISTOPHER LA ROSE,

Respondent.

Case No.:  26cv0662 DMS MSB

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition, and Petitioner, now with the assistance of counsel, filed a Reply.  For the following reasons, the Petition is granted.

Petitioner is a native and citizen of Afghanistan.  (Traverse at 2.)  On January 1, 2025, he entered the United States without inspection and was detained.  (*Id.*)  He was determined to be inadmissible, placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody.  (*Id.*)  Petitioner was referred for a credible fear interview with an asylum officer, and received a negative finding.  (Return, Ex. 3.)  Petitioner requested review of that decision by an immigration judge ("IJ"), who vacated the asylum officer's negative finding.  (Return at 2.)  Thereafter, Petitioner was issued a Notice to Appear, which initiated full removal proceedings.  (Id.)  Petitioner's

26cv0662 DMS MSB

final merits hearing was held on December 23, 2025, at which the IJ denied Petitioner's requests for asylum, withholding of removal, and deferral of removal, and ordered Petitioner removed to Afghanistan. (Return, Ex. 5.) Petitioner filed a timely appeal of that decision with the Board of Immigration Appeals ("BIA"), and that appeal remains pending.

On February 2, 2026, Petitioner filed the present case alleging his continued detention without a bond hearing violates his due process rights.[1] Respondent argues the Court lacks jurisdiction to hear Petitioner's claim, Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1), and Petitioner's detention is not unconstitutionally prolonged.

The Court has repeatedly rejected Respondents' jurisdiction argument in previous cases, *see*, *e.g.*, *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), ECF No. 11, and does so again here. The same goes for Respondent's argument that detainees like Petitioner are properly detained under § 1225(b)(1). *See*, *e.g.*, *Garcia v. Noem*, 803 F.Supp.3d 1064, 1075-77 (S.D. Cal. 2025) (finding petitioners had shown a likelihood of success on claim they were detained under § 1226(a) as opposed to § 1225(b)(2)(A)).

Respondents' final argument turns on consideration of the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019). Those factors are:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025). This Court has applied those factors to similar claims, *see*, *e.g.*, *De la Torre Duran*, Case No. 25cv3230 DMS (DDL), ECF No. 11; *Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6, and does so again here.

---

[1] Petitioner also raises several conditions of confinement claims, (Pet. at 7-8), which are not cognizable on habeas. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (stating civil rights action is "proper method of challenging 'conditions of … confinement.'") Accordingly, the Court does not address those claims further.

Starting with the first factor, Petitioner has been detained since January 1, 2025, or for more than fifteen months.  Given Petitioner's appeal to the BIA, he is likely to remain detained for several additional months, and possibly longer if there is an appeal to the Ninth Circuit.  On the third factor, courts in this District and elsewhere have found the conditions of confinement at Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]" *Gao v. LaRose*, 805 F.Supp.3d 1106, 1111 (S.D. Cal. 2025).  *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *3 (S.D. Cal. Feb. 25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'").  On the delay factors, the Court agrees with Petitioner that they are neutral, at best.  There is no evidence Petitioner engaged in any conduct that delayed his immigration proceedings.  On the contrary, the evidence reflects Respondents transferred Petitioner between different facilities, and there were several continuances of his merits hearing before the IJ, which occurred nearly a year after he was detained.  The sixth factor is also neutral, as it is unclear what the outcome of Petitioner's removal proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and violates due process.  Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within seven (7) days of this Order.  The parties are ordered to file a Joint Status Report within fourteen (14) days of this Order's entry

/ / /

/ / /

 / / /

/ / /

/ / /

/ / /

/ / /

confirming Petitioner received a bond hearing, setting out the results thereof and the parties' respective positions on whether a further order on the Petition is necessary or if the case may be dismissed as moot.

**IT IS SO ORDERED**.

Dated:  April 14, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0662 DMS MSB